UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY W. RICHMOND,

  Plaintiff,

  v.

JULLIETT GARRETT *et al.*,

  Defendants.

Case No. C06-5522FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
NOVEMBER 24th, 2006,**

      This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff has filed a proposed complaint and applied for *in forma pauperis* status (Dkt. # 1).  On September 14th,m 2006 the clerks office sent plaintiff a letter outlining deficiencies in his pleadings.  Plaintiff was given until October 16th, 2006 to cure the defects.  The application was deficient because plaintiff had not provided the proper authorization form, the copies for service were not identical to the original, there were insufficient numbers of copies for service, and the information for each defendant was not complete (Dkt. # 2).

      Plaintiff has not responded to the clerks office.  The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  *See* 28

REPORT AND RECOMMENDATION- 1

U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*.  Mr. Richmond has failed to cure the deficiencies in his application.  The court should direct Mr. Richmond to pay the filing fee of $350.00 within 30 days of the court's order and if he fails to pay the filing fee the clerk should be directed to dismiss this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R .Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 24th, 2006**, as noted in the caption.

DATED this 17th, day of October, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2