UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILLY W. RICHMOND,

    Plaintiff,

v.

JULLIETT GARRETT *et al.*,

    Defendants.

Case No. C06-5522FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
March 2, 2007**

This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Plaintiff has been given leave to proceed *in forma pauperis* (Dkt. # 10). Plaintiff has provided service copies and the court now considers the complaint substantively to determine if it should be served.

### Summary

Plaintiff is challenging the Indeterminate Sentence Review Board, ISRB, decision not to parole him to serve a consecutive sentence. (Dkt. # 11). Thus, Plaintiff is directly challenging the duration of his indeterminate sentence. This action cannot be brought as a Civil Rights Action and must be brought in Habeas Corpus. The action should be **DISMISSED WITHOUT PREJUDICE.**

### Facts

Plaintiff alleges the ISRB Board members have informed him they are going to have him

REPORT AND RECOMMENDATION- 1

1  civilly committed (Dkt. # 11, page 3). Plaintiff alleges he was paroled after serving fifteen years on a
2  first degree rape conviction. He alleges the sentence on the rape conviction was a minimum of 247
3  months and a maximum of life (Dkt. # 11, page 3).

4  Plaintiff alleges that in 1995 he was returned to prison for violating his parole (Dkt. # 11,
5  page 3). Five years was added to his rape conviction by the ISRB. Plaintiff was convicted of first
6  degree burglary and third degree assault (Dkt. # 11, page 3). The sentence on the two newer
7  convictions is a fifteen-year determinate sentence.

8  When plaintiff was returned to prison, it was not to serve the new determinate sentence. He
9  was returned to prison for as parole violator (Dkt. # 11, page 3). Plaintiff complains because the
10 ISRB has not released or paroled him to his determinate sentence. Plaintiff asks to be released to
11 his determinate sentence in this action (Dkt. # 11, page 4).

## Discussion

13 When a complaint fails to state a claim, or contains a complete defense to the action on its
14 face, the court may dismiss an *in forma pauperis* complaint before service of process under 28
15 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* <u>Franklin v. Murphy</u>,
16 745 F.2d 1221, 1228 (9th Cir. 1984)). In order to state a claim under 42 U.S.C. § 1983, a complaint
17 must allege that (l) the conduct complained of was committed by a person acting under color of state
18 law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the
19 Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), *overruled on
20 other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to
21 remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d
22 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

23 When a person confined by the state is challenging the very fact or duration of his physical
24 imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or
25 a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser
26 v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that
27 "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under**

28 REPORT AND RECOMMENDATION- 2

**§ 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).  The complaint fails to state a cause of action under 42 U.S.C. § 1983.

Here, plaintiff challenges the decision not to parole him to a consecutive conviction.  He is directly challenging the length of his confinement.  This action fails to state a claim.  The action has not accrued and will not accrue until and unless plaintiff receives relief in habeas corpus.  The action should be **DISMISSED WITHOUT PREJUDICE**.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. <u>See also</u> Fed. R .Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 2, 2007**, as noted in the caption.

DATED this 30, day of January, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3